UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

General Products Corporation, *et al.*[1]

    Debtor.

Case No. 16-49267-tjt
Chapter 11
Adversary Proceeding No. _____

_____

General Products Corporation Creditor Trust

    Plaintiff,

v.

Elwood Staffing Services, Inc.

    Defendant.
_____/

## COMPLAINT

NOW COMES Plaintiff, the General Products Corporation Creditor Trust (the "GPC Creditor Trust" or "Plaintiff") by and through its counsel, Varnum LLP, and states the following by way of Complaint against Elwood Staffing Services, Inc. (the "Defendant"):

---

[1] General Products Corporation's case is jointly administered with the case of General Products Mexico LLC, Case No. 16-49269-tjt.

## NATURE OF ACTION

1. This Adversary Proceeding relates to and arises under the jointly administered case of *In re General Products Corporation and General Products Mexico, LLC* (the "Debtor"), Case No. 16-49267, commenced on July 27, 2016 (the "Petition Date") by the filing of a voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "Code"), in the United States Bankruptcy Court for the Eastern District of Michigan.

## PARTIES, JURISDICTION, AND VENUE

2. On information and belief, Elwood Staffing Services, Inc. is an Indiana corporation.

3. Pursuant to the terms of the *Second Amended Combined Joint Plan of Liquidation and Disclosure Statement* (Doc. No. 448), on January 26, 2017 (the "Effective Date") the GPC Creditor Trust was established for the benefit of creditors of the estate. The GPC Creditor Trust has the powers set forth in the GPC Creditor Trust Agreement, which includes the right to operate, sell, or dispose of the GPC Creditor Trust Assets, the right to object to or continue objecting to Claims, the right to settle Claims, and the right to pursue Causes of Action including avoidance actions under 11 U.S.C § 547.

4. This Court has jurisdiction over the instant matter pursuant to 28 U.S.C. §§ 1334 and 157, as well as E.D. Mich. L.R. 83.50(a).

5. The GPC Creditor Trust consents to entry of final orders by this Court.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1409. The instant matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (F). The statutory predicates for the relief sought herein are §§ 502, 547, 550, and 551 of the Code.

### COUNT I

### Avoidance and Recovery of Preferential Payments
### Pursuant to §§ 547, 550, and 551

7. The Defendant is a company that supplied pre-petition goods and/or services to the Debtor.

8. According to the Debtor's records, during the 90 days preceding the Petition Date, the Defendant received the transfers identified on **Exhibit A** from the Debtor (the "Transfers").

8. The Transfers constitute transfers of interests in the Debtor's property, and were made to or for the benefit of the Defendant, a creditor of the Debtor.

9. The Transfers were made for or on account of an antecedent debt owed by the Debtor before such transfers were made.

10. The Transfers were made while the Debtor was insolvent.

11. As a result of the Transfers, the Defendant received more than such creditor would receive is the case were a case under Chapter 7 of this title, the

transfer had not been made, and such creditor received payment of such debt to the extent provided by the provisions of Title 11.

12. In light of the foregoing, the Transfers are subject to avoidance pursuant to § 547 of the Code, may be recovered by the Plaintiff pursuant to § 550 of the Code, and may be preserved under § 551 of the Code.

WHEREFORE, the Plaintiff prays that this Court:

(A) Enter an order providing for the avoidance of the Transfers, pursuant to § 547 of the Code, recovery for the benefit of the GPC Creditor Trust pursuant to § 550 of the Code, and preserve any avoidable transfers for the benefit of the estate pursuant to § 551 of the Code;

(B) Enter a judgment in favor of the GPC Creditor Trust and against the Defendant in the amount of $50,550.57; and

(C) Order such other and further relief as the Court deems just and equitable.

## COUNT II

### Claim Disallowance Pursuant to Section 502(d)

13. Plaintiff incorporates by reference paragraphs 1-12 above as if fully set forth herein.

14. The Defendant may have claims against the Debtor's estate.

15. Because the Defendant has received voidable payments as described in Count I, above, no claim of the Defendant is allowable under § 502(d) of the Code.

WHEREFORE, the GPC Creditor Trust prays that this Court:

(A)   Enter an order disallowing any Claim of Defendant's in the Chapter 11 proceeding, until such time as the transfers recoverable pursuant to § 550 are recovered.

(B)   Order such other and further relief as the Court deems just and equitable.


Respectfully submitted,

VARNUM LLP

Dated:  November 26, 2017         By: */s/ William L. Thompson*
            BRENDAN G. BEST (P66370)
            WILLIAM L. THOMPSON  (P80123)
            160 West Fort Street, Fifth Floor
            Detroit, MI 48226
            (313) 481-7300
            bgbest@varnumlaw.com
            wlthompson@varnumlaw.com

          *Attorneys for the GPC Creditor Trust*

12490794_1.docx